RECEIVED

MAR 1 6 2021

Legal Dept

COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

**A2100895**

| | | |
|---|---|---|
| JOHN FULWEILER<br>213 W. 33rd Street<br>Covington, Kentucky 41015 | : | CASE NO. |
| | : | (Judge _____ ) |
| Plaintiff<br>vs. | : | **COMPLAINT** |
| | : | |
| COSTCO WHOLESALE CORP.<br>D/B/A COSTCO<br>1100 E. Kemper Road<br>Cincinnati, Ohio 45246 | : | COPY FILED<br>CLERK OF COURTS<br>HAMILTON COUNTY |
| | : | MAR 1 1 2021 |
| Serve:<br>   CT Corporation System<br>   4400 Easton Commons Way<br>   Suite 125<br>   Columbus, Ohio 43219 | : | AFTAB PUREVAL<br>COMMON PLEAS COURTS |
| and | : | |
| COSTCO<br>1100 E. Kemper Road<br>Cincinnati, Ohio 45256 | : | |
| and | : | |
| NIAGARA BOTTLING, LLC<br>1440 Bridgegate Drive<br>Diamond Bar, California 91765 | : | |
| Serve:<br>   Cogency Global Inc.<br>   3958-D Brown Park Drive<br>   Hilliard, Ohio 43026 | : | |
| Defendants | : | |

Now comes plaintiff, John Fulweiler, by and through counsel, and for his cause of action, states as follows:

1. At all times relevant herein, plaintiff, John Fulweiler resides at 213 W. 33rd Street, Covington, Kentucky 41015.

2. At all times relevant herein, defendant, Costco Wholesale Corp. d/b/a Costco, is a company, corporation and/or other business entity, with its principal place of business being located at 1100 E. Kemper Road, Cincinnati, Ohio 45246 and, among other things, is engaged in the business of owning, operating and/or maintaining markets that sell food and other merchandise to the general public, including the plaintiff, John Fulweiler.

3. At all times relevant herein, defendant, Costco, is a company, corporation and/or other business entity, with its principal place of business being located at 1100 E. Kemper Road, Cincinnati, Ohio 45246 and, among other things, is engaged in the business of owning, operating and/or maintaining markets that sell food and other merchandise to the general public, including the plaintiff, John Fulweiler.

4. At all times relevant herein, defendant, Niagara Bottling, LLC, is a company, corporation and/or other business entity, with its principal place of business being located at 1440 Bridgate Drive, Diamond Bar, California 91765 and, among other things, is engaged in the business of selling bottled water to the general public, including, John Fulweiler.

## COUNT ONE

5. Plaintiff, John Fulweiler, hereby refers to an incorporates all of the preceding allegations as if fully re-written herein.

6. At all times relevant herein, defendant(s), Costco Wholesale Corp. d/b/a Costco and/or Costco, owned, operated and/or maintained the premises located at 1100 E. Kemper Road, Cincinnati, Ohio 45246.

7. On or about April 6, 2019, plaintiff, John Fulweiler, was a guest, patron and/or business invitee on the commercial market premises owned, operated and/or maintained by defendant(s), Costco Wholesale Corp. d/b/a Costco and/or Costco, located at 1100 E. Kemper Road, Cincinnati, Ohio 45246.

8. On or about April 6, 2019, defendant(s), Costco Wholesale Corp. d/b/a Costco and/or Costco, by and through its agents, servants and/or employees, did negligently maintain the condition of the premises of 1100 E. Kemper Road, Cincinnati, Ohio 45246, in general, and its interior aisles and walkways in particular by permitting hazardous conditions, including, but not limited to, allowing water and water bottles to exist on the floor of the shopping area, and failing to warn guests, patrons and/or business invitees, including plaintiff, John Fulweiler, of said hazardous conditions.

9. As a direct and proximate result of the negligence of defendant(s), Costco Wholesale Corp. d/b/a Costco and/or Costco, by and through its agents, servants and/or employees, plaintiff, John Fulweiler, fell and suffered injuries including, but not limited to, a right humeral neck fracture of his shoulder, requiring surgery and to require in the future, extensive medical care and attention and causing mental and physical pain, suffering, injury and disability, some of which are permanent.

10. As a further direct and proximate result of negligence of defendant(s), Costco Wholesale Corp. d/b/a Costco and/or Costco, by and through its agents, servants and/or employees, plaintiff, John Fulweiler, incurred reasonable and necessary medical

expenses for treatment of said injuries, in excess of Ninety Nine Thousand Dollars ($99,000.00), and expects to incur further such expenses in the future.

11. As a further direct and proximate result of negligence of defendant(s), Costco Wholesale Corp. d/b/a Costco and/or Costco, by and through its agents, servants and/or employees, plaintiff John Fulweiler, has lost income in the past and expects to incur further such loss in the future, his earning capacity having been permanently impaired.

## COUNT TWO

12. Plaintiff, John Fulweiler, hereby refers to and incorporates all of the preceding allegations as if fully re-written herein.

13. At all times relevant herein, and upon information and belief, Niagara Bottling, LLC, produced, manufactured and/or sold water bottles as Kirkland Signature Brand Water to defendants, Costco Wholesale Corp. d/b/a Costco and/or Costco, for resale to consumers in individual bottles which were sold in Forty (40) pack packages.

14. Pursuant to O.R.C. §§ 2307.73 and 2307.74, and at all times relevant herein, the Niagara Bottling, LLC's packaged water bottles sold to defendants, Costco Wholesale Corp. d/b/a Costco and/or Costco, were defective products in that when it/they left the control of the manufacturer, it/they deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula or performance standards, including, but not limited to, a defectively/improperly secured packaging, which caused or contributed to its failure and plaintiff's injuries described previously in this Complaint.

15. Pursuant to O.R.C. §§ 2307.73 and 2307.75, the Niagara Bottling, LLC's packaged water bottles are a product defective in design or formulation because it was not fit for its intended purpose or use given that the water bottle packaging failed and allowed for individual bottles and/or water to come loose from the packaging.

16. Pursuant to O.R.C. §§ 2307.73 and 2307.76, the Niagara Bottling, LLC's packaged water bottles are a product defective due to inadequate warning or instruction because it was either (with reference to the allegations set forth above):

   a. At the time of marketing and when it left the control of its manufacturer, the manufacturer knew, or, in the exercise of reasonable care, should have known, about a risk related to the product which caused it to fail, to wit: a defectively/improperly secured top strap; and the manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, given the likelihood that the product would cause the type of harm that it did; or

   b. Post-marketing and after it left the control of its manufacturer, the manufacturer knew, or, in the exercise of reasonable care, should have known, about a risk related to the product that caused it to break or fail, to wit: a defectively/improperly secured top strap; and the Manufacturer failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, given the likelihood that the product would cause the type of harm that it did, in light of the likely seriousness of that harm.

17. Pursuant to O.R.C. § 2307.77, the Niagara Bottling, LLC's packaged water bottles are non-conforming to the express or implied representations made by the defendant.

18. Pursuant to O.R.C. § 2307.71 et seq., defendant is the designer and/or manufacturer of the Niagara Bottling, LLC's packaged water bottles which is defective under one or more provisions of the Ohio Product Liability Act (hereinafter "OPLA").

19. Pursuant to O.R.C. § 2307.71 et. seq., the defendant/manufacturer is liable under the OPLA for the Niagara Bottling, LLC's packaged water bottles, and the tortious conduct described above that was the proximate cause of harm for which Plaintiff seeks compensatory damages.

20. Pursuant to O.R.C. § 2307.78, the defendant is a supplier of the Niagara Bottling, LLC's packaged water bottles which are defective under one or more provisions of the OPLA.

21. Pursuant to O.R.C. § 2307.78, the defendant/supplier is liable under the OPLA because they were negligent or the Niagara Bottling, LLC's packaged water bottles did not conform, when they left the control of the supplier, to express or implied representations made by the supplier, and the failure to conform to it was the proximate cause of harm to the Plaintiff.

22. Pursuant to O.R.C. § 2307.73, the defendant's defective manufacture or formulation and/or defective non-conformance, as described above, was the proximate cause of plaintiff, John Fulweiler's, injuries and medical expenses for which the plaintiff is entitled to compensatory damages provided for under the OPLA.

WHEREFORE the plaintiff, John Fulweiler, demands judgment against defendants, Costco Wholesale Corp. d/b/a Costco, Costco and Niagara Bottling, LLC, jointly and severally, in excess of Twenty-Five Thousand Dollars ($25,000.00), plus interests and costs herein, and alternatively, pursuant to Civil Rule 54(C), under Count One, plaintiff, John Fulweiler, demands judgment against the defendants, Costco Wholesale Corp. d/b/a Costco and/or Costco, jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), plus interest, costs, and other such relief to which he is entitled herein, and, under Count Two plaintiff, John Fulweiler, demands judgment against the defendant, Niagara Bottling, LLC, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), plus interest, costs, and other such relief to which he is entitled herein.

*[signature]*

Gary F. Franke (#0029793)
Michael D. O'Neill (0075195)
GARY F. FRANKE CO., L.P.A.
Attorneys for Plaintiff
120 East 4th Street - Suite 1040
Cincinnati, Ohio 45202
(513) 564-9222
Fax: (513) 564-9990